## COMMONWEALTH vs. DAVID SYLVESTER.

No indictment can be maintained against a keeper of a billiard room for refusing to allow a negro to play therein, on account of his color, unless the billiard room was licensed, under Gen. Sts. c. 88, § 69.

COMPLAINT for refusing to allow Robert J. Stockton, a negro, to play at billiards in a billiard room and public place of amusement kept by the defendant, such refusal being on account of the color of said Stockton. There was no averment in the complaint that the place was licensed, and the defendant moved to quash it for that reason ; but the motion was overruled. At the trial in the superior court, before *Brigham*, J., there was no evidence to show that the place was licensed, and the defendant asked the court to rule that the evidence did not show a public place of amusement, under the statute ; but the judge declined so to rule, and the·defendant was found guilty, and alleged exceptions.

*E. L. Barney*, for the defendant.

*Reed*, A. G., for the Commonwealth. The presumption is that the defendant was duly licensed. If not, this defence will not avail. The legislature intended to meet every class of cases, whether licensed or not. Suppose a negro was travelling, and an innholder should refuse to receive him, would it be a defence to a complaint against such innholder that he had no license ? Whenever a business is of that character that the legislature think it proper that it should be the subject of a license, conditions and penalties may be annexed ; and this, whether a license is actually taken out or not.

BY THE COURT. The evidence did not show that any offence, under *St.* 1865, c. 277,* had been committed by the defendant.

---

* The *St.* of 1865, c. 277, on which this complaint was founded, is as follows :

" Section 1. No distinction, discrimination or restriction on account of color or race shall be lawful in any licensed inn, in any public place of amusement, public conveyance or public meeting in this commonwealth.

" Section 2. Any person offending against the provisions of this act shall be punished by a fine not exceeding fifty dollars."

It was not proved that the place kept by him was licensed, under Gen. Sts. *c*. 88, § 69 for the purpose of being used for hire, gain or reward, for the playing of the game of billiards for amusement. The statute was intended to apply only to places so licensed, as is shown by the act passed in 1866, *c*. 252, which is *in pari materia*, and was designed to supply a defect in the statute of the preceding year by imposing a penalty for " excluding " persons from a public place of amusement, or for restricting them in its use, or making any discriminations or distinctions among visitors for any insufficient cause, as well as on account of color or race. This last enactment is in terms limited to public places of amusement " licensed under the laws of this commonwealth."

Besides ; it cannot be supposed, in the absence of any explicit provision, that it was the intent of the legislature to prescribe the manner in which persons should use their own premises, or permit others to use them, if they did not carry on therein an occupation or business, or suffer other persons to appropriate them to a purpose, which required a license in order to render such an appropriation lawful.        *Exceptions sustained.*